**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2706
_____

JOSEPH H. LEWIS, JR.,
Appellant

v.

UNIVERSITY OF PENNSYLVANIA
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-16-cv-05874
District Judge: The Honorable Gene E.K. Pratter

Argued June 26, 2019

Before: SMITH, *Chief Judge*, CHAGARES, and GREENAWAY, JR., *Circuit Judges*

(Filed: August 9, 2019)

Timothy Creech (Argued)
Suite 2626
1835 Market Street
Philadelphia, PA  19103
*Counsel for Appellant*


Leslie M. Greenspan (Argued)
Joe H. Tucker, Jr.
Tucker Law Group
Ten Penn Center
1801 Market Street

Suite 2500
Philadelphia, PA  19103
*Counsel for Appellee*

—————————————

OPINION[*]

—————————————

SMITH, *Chief Judge*.

This is an employment discrimination appeal arising out of Plaintiff Joseph

Lewis's previous employment with the University of Pennsylvania Police Department.

Lewis suffers from a skin condition, pseudofolliculitis barbae (PFB), which has led to

issues giving rise to his discrimination claims.[1]  Lewis raises various issues on appeal,

challenging a number of the District Court's pretrial, summary judgment, and trial

rulings.  We will reverse the District Court's order granting summary judgment on

Lewis's claims of constructive discharge and discrimination under the Americans with

Disabilities Act (ADA).  We will affirm all other orders challenged on appeal.

**I.**[2]

Lewis appeals two of the District Court's summary judgment rulings:  the grant of

summary judgment in favor of Penn on Lewis's ADA claims for (A) constructive

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Although Lewis raised claims of race discrimination under Title VII in the District Court, no Title VII claims are before us on appeal.
[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367.  This Court has jurisdiction under 28 U.S.C. § 1291.  Our review of the District Court's grant of summary judgment is plenary. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 500 (3d Cir. 2010).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be

discharge, and (B) discrimination based on (1) failure to provide a reasonable accommodation, and (2) violation of 42 U.S.C. § 12112(d).

A.

To establish constructive discharge, plaintiffs must show both a hostile work environment and that "the abusive working environment became so intolerable that . . . resignation qualified as a fitting response." *Penn. State Police v. Suders*, 542 U.S. 129, 133–34 (2004). The test is objective and looks to whether "a reasonable person in the employee's position would have felt compelled to resign." *Id.* at 141. The District Court concluded that Lewis had satisfied the hostile work environment element of constructive discharge, but had failed to establish a genuine dispute of fact as to whether a reasonable person would have felt compelled to resign. We disagree.

This Court has identified various factors that support a claim of constructive discharge, including being "threatened with discharge," being "urge[d] . . . [to] resign or retire," being demoted, suffering a reduction in pay or benefits, being "involuntarily transferred to a less desirable position," having job responsibilities "altered," and being "given unsatisfactory job evaluations." *Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1161 (3d Cir. 1993). Lewis presented evidence of a number of these adverse employment actions in opposing summary judgment. Among other things, Lewis's superiors disciplined him, altered his job responsibilities, removed him from a preferred assignment,

---

drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Although this case went to trial, the facts recited in this section reflect only what was available to the District Court at the time of summary judgment.

and threatened Lewis with discharge.  This was enough to create a dispute of material fact as to whether a reasonable person would have felt compelled to resign.  *See Clowes*, 991 F.2d at 1161.

B.

1.

Under the ADA, an employer has a duty to provide reasonable accommodations to people with disabilities.  *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504–05 (3d Cir. 2010).  The employer can breach this duty by failing to provide an accommodation that is reasonable or by failing to engage in a good faith interactive process to identify accommodations.  *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 317–18 (3d Cir. 1999).  In regard to the interactive process, this Court has explained that "if it appears that the employee may need an accommodation but doesn't know how to ask for it, the employer should do what it can to help."  *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 332 (3d Cir. 2003).  In short, an employee has no obligation to unilaterally identify and propose a reasonable accommodation.  *See Taylor*, 184 F.3d at 315–17.  "[W]here there is a genuine dispute about whether the employer acted in good faith, summary judgment will typically be precluded."  *Id.* at 318.

The District Court granted summary judgment on Lewis's reasonable accommodations claim based on its finding that Lewis had never expressly requested the desired accommodation—exemption from filing medical certifications—that he alleged

4

as the basis for his claim. [3] That is not the proper standard. Applying the correct legal standard, there is a fact question as to whether Penn engaged with Lewis in good faith.

Lewis submitted a request for accommodation, requesting to "not shave face or neck." Defendant's Exhibits in Support of Motion for Summary Judgment, Exhibit CC at 2, *Lewis v. Univ. of Penn.*, No. 16-cv-05874 (E.D. Pa. July 1, 2017) ECF No. 15-6; App. 152. Penn was then on notice of Lewis's claimed disability and the fact that he wanted accommodation, such that Penn had a duty to engage with Lewis in good faith. It is not clear that Penn did so. According to Lewis, Penn issued a flat denial without making any effort to communicate with him regarding his needs. Where there is evidence that the employer did not act in good faith to identify an accommodation, "we will not readily decide on summary judgment that accommodation was not possible and the employer's bad faith could have no effect." *Taylor*, 184 F.3d at 318.

Further, "[t]he question of whether a proposed accommodation is reasonable is a question of fact." *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 n.4 (3d Cir. 2006) (quoting *Buskirk v. Apollo Metals*, 307 F.3d 160, 170 (3d Cir. 2002)). Even if Penn did act in good faith, it is for the jury to decide whether permanently exempting Lewis from both shaving and the certification requirement would have been a reasonable accommodation. We will reverse.

---

[3] The District Court noted that Lewis had waived the argument, but nevertheless addressed the merits. Regardless of whether there was initial waiver, Lewis clarified his position in his motion for reconsideration, and the District Court had the opportunity to address the argument—and did in fact address the substance of the argument. We will consider the claim on appeal. *See Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013).

2.

Under 42 U.S.C. § 12112(d), "[t]he [ADA] prohibition against discrimination . . . shall include medical examinations and inquiries."[4] Penn's grooming policy allows for exemptions from the clean-shaven policy, but requires that a medical certificate be filed every 60 days to support the exemption. In his opposition to Penn's motion for summary judgment, Lewis identified the 60-day certification requirement as a basis for his ADA discrimination claim, citing § 12112(d)(4)(A). Specifically, Lewis argued that the certification requirement was prohibited under § 12112 because there was no legitimate business purpose for requiring him to submit a certification every 60 days.

The District Court did not expressly address this issue in its summary judgment order, but in its order denying reconsideration, the Court dismissed Lewis's claim.[5] The Court concluded that, while the Penn policy requires certificates, "Lewis has pointed to nothing in the record to indicate that getting a medical certificate requires repeated medical *examinations*," and as a result § 12112 did not apply. App. 40. This was error.

Both medical examinations *and* inquiries are prohibited under § 12112. Even if the certificates at issue do not require examinations, they still qualify as a form of inquiry. Indeed, the EEOC Enforcement guidelines explain: "Disability-related inquiries may

---

[4] "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A).

[5] The District Court noted that Lewis had not previously raised the argument that the certification policy violated the law, but the record indicates otherwise. Lewis plainly raised the issue in his opposition to the motion for summary judgment.

include . . . asking an employee to provide medical documentation regarding his/her disability." *EEOC Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA)*, July 27, 2000, available at https://www.eeoc.gov/policy/docs/guidance-inquiries.html#N_29_.[6] This definition would clearly encompass the Penn certificate requirement.

We therefore conclude that § 12112(d)(4) applies to the Penn medical certificate requirement. The District Court did not address whether the requirement could be supported by a valid business purpose. We will therefore remand for further proceedings on this issue.

C.

Lewis requests various forms of relief upon reversal of the summary judgment order. First, Lewis argues that he should be permitted to pursue his FMLA retaliation claim on remand if the constructive discharge claim is reanimated. Lewis withdrew that claim from jury consideration because he was not entitled to damages given the District Court's conclusion that he had voluntarily resigned. *See* 29 U.S.C. § 2617; *Sommer v. The Vanguard Grp.*, 461 F.3d 397, 399 (3d Cir. 2006). We have no reason to disagree with Lewis's position, and Penn did not oppose it. Lewis's FMLA claim will be reinstated.

---

[6] While the EEOC guidelines are not entitled to the same deference as regulations, we give them "controlling weight unless it is plainly erroneous or inconsistent with the regulation[s]." *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 937 (3d Cir. 1997), *abrogated on other grounds by Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999).

Second, Lewis argues that he is entitled to a new trial on the claims that went to trial because evidentiary rulings related to summary judgment affected his ability to present his case. A District Court's evidentiary rulings are reviewed for abuse of discretion. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). "An abuse of discretion arises when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *In re TMI Litig.*, 193 F.3d 613, 666 (3d Cir. 1999)). In reviewing evidentiary rulings, this Court "will not disturb a trial court's exercise of discretion unless 'no reasonable person would adopt the district court's view.'" *Stecyk*, 295 F.3d at 412 (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

It was within the District Court's discretion to exclude evidence it considered irrelevant. Although evidence related to constructive discharge and ADA discrimination may have helped Lewis's case at trial by making him more sympathetic or otherwise, he has not shown that the excluded evidence was relevant to the claims tried. Nor has Lewis demonstrated actual prejudice to his ability to prove the claims tried. Further, a litigant has no inherent right to have separate claims tried together in one case. *See Williams v. Rene*, 72 F.3d 1096, 1101 (3d Cir. 1995) ("[E]ven if error as to one issue requires a new trial, it need not include other separate points that were properly decided."). As such, Lewis is not entitled to a retrial on all claims. The jury's verdict, and the District Court's judgment entered pursuant thereto, will stand.

8

**II.**

Lewis challenges four other District Court rulings, which we will address in turn.

**1.** Lewis appeals the District Court's order denying his motion in limine for a ruling that PFB is a disability as a matter of law. We exercise plenary review over legal rulings made pursuant to an in limine order. *Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 359–60 (3d Cir. 2015). The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102. "The question of whether an individual is substantially limited in a major life activity is a question of fact." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 763 (3d Cir. 2004), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110-325, § 6, 122 Stat. 3553, 3558 (2008), *as recognized in Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 185 (3d Cir. 2019). Here, whether PFB qualified as a disability under the ADA definition was a fact in dispute, the District Court was therefore correct to submit the question to the jury.

**2.** Lewis next challenges the District Court's order granting judgment as a matter of law in favor of Penn on Lewis's punitive damages claims. We exercise de novo review of an order granting a motion pursuant to Fed. R. Civ. P. 50(a). *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 88 (3d Cir. 2000). Judgment as a matter of law "is mandated where the facts and the law will reasonably support only one conclusion." *Id.* (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356 (1991)).

9

A claim for punitive damages in the employment discrimination context requires that an employer act with "malice" or "reckless indifference" to a plaintiff's federally protected rights. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

Here, Lewis failed to establish that Penn acted with malice or reckless indifference to his rights. In fact, the record is devoid of evidence that Penn had knowledge it may be violating Lewis's federal rights. To the contrary, there is evidence that Penn did not believe PFB qualified as a disability and thought the medical exemption for beards was sufficient to address Lewis's condition.[7] The District Court was therefore correct to conclude that a reasonable jury would not have had a legally sufficient evidentiary basis to find for Lewis on punitive damages.

**3.** Lewis also challenges the District Court's decision not to give a mixed-motives jury instruction. In employment discrimination cases, the question whether a judge properly gave a pretext instruction *rather than* a mixed-motives instruction is generally reviewed de novo as a question of law. *See Egan v. Del. River Port Auth.*, 851 F.3d 263, 269 (3d Cir. 2017). Lewis failed to establish that the District Court erred by giving a pretext instruction instead of a mixed-motives instruction.

Whether a case is a pretext case or mixed-motives case is a question for the trial court at the conclusion of all the evidence. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1098 (3d Cir. 1995); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d

---

[7] Penn also demonstrated motives other than Lewis's PFB for the disciplinary actions taken. Even where comments were made about Lewis needing to comply with the grooming policy, there is no evidence that such comments were based on Lewis's PFB, rather than based on the perception that his beard was noncompliant.

10

Cir. 2016). Lewis did not pursue a mixed-motives theory at trial. Instead, Lewis's theory of the case was that all of the discipline at issue was pretextual and was based only on his having a beard. At no point did Lewis concede that he was being disciplined for legitimate reasons.

On appeal, Lewis points to only one piece of evidence that he argues was sufficient to support a mixed-motives instruction: a superior's deposition statement, introduced at trial, that the beard was "the whole reason he was there" for disciplinary proceedings. Appellant's Opening Br. at 47. This further demonstrates that Lewis pursued this case as a pretext case, rather than a mixed-motives case. We will therefore affirm the District Court's order denying the mixed-motives instruction.

**4.** Lewis's final claim is that the District Court erred in its sanction order responding to attorney misconduct. The decision to impose sanctions is a matter entrusted to the discretion of the District Court. *Adams v. Ford Motor Co.*, 653 F.3d 299, 303 (3d Cir. 2011). The District Court was in the best position to assess counsel's conduct and the need for sanctions in the context of the trial as a whole. Here, the Court opted to give "admonitions all around." App. 415. That decision was fully within the Court's discretion, and did not constitute error.

### III.

For the reasons set forth above, we will reverse the District Court's judgment in part and remand for additional proceedings on Lewis's claims of constructive discharge, FMLA retaliation, ADA discrimination for failure to provide a reasonable

11

accommodation, and ADA discrimination based on a violation of 42 U.S.C. § 12112(d).

We will otherwise affirm.